15-1149-cv
*Caldwell, et al. v. Pesce, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand sixteen.

PRESENT:    AMALYA L. KEARSE,
            JOSÉ A. CABRANES,
            DENNY CHIN,
                    *Circuit Judges.*

---

KEN CALDWELL, LISA CALDWELL,

       *Plaintiffs-Appellants,*

       v.                                          No. 15-1149-cv

JUSTICE MICHAEL L. PESCE, P.J., JUSTICE MICHELLE WESTON, JUSTICE MARTIN M. SOLOMON, J.J., CHIEF CLERK PAUL KENNY, SENIOR PARTNER RUSSELL POLIRER, ESQ., SENIOR PARTNER KENNETH NOVIKOFF, SENIOR PARTNER CHERYL F. KORMAN, ESQ., GUTMAN, MINTZ, BAKER & SONNENFELDT P.C., RIVKIN RADLER LLP,

       *Defendants-Appellees.*

---

**FOR PLAINTIFFS-APPELLANTS:**          Ken Caldwell, Lisa Caldwell, *pro se,* Newark, DE.

**FOR DEFENDANTS-APPELLEES
POLIRER; NOVIKOFF; KORMAN; GUTMAN,
MINTZ, BAKER & SONNENFELDT P.C.;
AND RIVKIN RADLER LLP:**

Cheryl F. Korman, Merril S. Biscone,
Rivkin Radler LLP, Uniondale, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**, and plaintiffs-appellants' motion for sanctions is **DENIED**.

Plaintiffs-appellants Ken and Lisa Caldwell, proceeding *pro se*, appeal the District Court's March 2, 2015, judgment *sua sponte* dismissing their complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2). In their complaint, plaintiffs-appellants allege, *inter alia*, that defendants-appellees—who consist of attorneys, law firms, a state court clerk, and state court judges—violated 42 U.S.C. §§ 1983 and 1985 in connection with prior litigation stemming from a landlord-tenant dispute. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal pursuant to 28 U.S.C. § 1915(e)(2). *Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir. 2001). To survive dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, based on an independent review of the record, we conclude, substantially for the reasons set forth by the District Court in its thorough and well-reasoned opinion, *see Caldwell v. Pesce*, 83 F. Supp. 3d 472 (E.D.N.Y. 2015), that the District Court appropriately dismissed plaintiffs-appellants' complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

Additionally, we deny plaintiffs-appellants' motion for sanctions as meritless. Plaintiffs-appellants rely on Federal Rule of Civil Procedure 11 as the basis for the requested sanctions. But "[o]n its face, Rule 11 does not apply to appellate proceedings." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 406 (1990); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings *in the United States district courts*" (emphasis added)). To the extent plaintiffs-appellants meant to move for sanctions pursuant to Federal Rule of Appellate Procedure 38, 28 U.S.C. § 1927, or the Court's inherent authority, the motion is also meritless. Rule 38 does not authorize the imposition of sanctions against an *appellee*, *see* Fed. R. App. P. 38, and in the circumstances presented here sanctions are not appropriate under § 1927 or our inherent authority because, based on the record before us, none of the appellees have acted in bad

faith, unreasonably, or vexatiously, *see* 28 U.S.C. § 1927; *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013).

## CONCLUSION

We have considered all of plaintiffs-appellants' arguments and find them to be without merit. Accordingly, we **AFFIRM** the March 2, 2015, judgment of the District Court, and we **DENY** plaintiffs-appellants' motion for sanctions.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk